Ameer Benno, Esq.
Sivin & Miller, LLP
20 Vesey Street, Suite 1400
New York, NY 10007
(t)(212) 349-0300
(f)(212) 406-9462
abenno@sivinandmiller.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN COURTHOUSE – 225 CADMAN PLAZA EAST
- - - - - - - - - - - - - - - - - -X
AGNIESZKA ROSZKO,

                Plaintiff,

         -against-

CENTURY 21 DEPARTMENT STORES, LLC,
CENTURY 21, INC.,
CENTURY 21 STORES, LLC,
JULIA S. a/k/a CASHIER 076451,
SURY RIVERA, JANICE YING, LUZ CRUZ,
"RICHARD ROES" 1 through 5,
P.O. JASON KLEINMAN,
THE CITY OF NEW YORK, and "JOHN DOES"
1 through 5

            Defendants.
- - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Plaintiff Demands
Trial By Jury

      Plaintiff, by her attorneys, SIVIN & MILLER, LLP, complaining of defendants, alleges as follows, upon information and belief:

<u>**THE PARTIES AND JURISDICTION**</u>

      1.    Plaintiff is a citizen of the State of New York.

      2.    At all times herein mentioned, defendants were and are citizens of the State of New York.

      3.    This court has jurisdiction over this action pursuant to 28 USC § 1332(a)(1), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.   This Court also has jurisdiction over this action between plaintiff and defendants, in that the action arises under 42 USC § 1983.

5.   This Court has subject matter jurisdiction of the action under 28 USC §§ 1331, 1343(a), (3), and (4).

6.   This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 USC § 1367.

7.   At all times herein mentioned, defendant CITY of New York (hereinafter, "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

8.   At all times herein mentioned, defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").

9.   At all times herein mentioned, defendant P.O. JASON KLEINMAN (hereinafter, "KLEINMAN") was and is an NYPD officer employed by defendant CITY.

10.   At all times herein mentioned, defendant KLEINMAN was acting within the course and scope of his employment with defendant CITY.

11.   At all times herein mentioned, defendant KLEINMAN was acting under color of state law.

12.   Defendant KLEINMAN is sued in his official and individual capacities.

13.   At all times herein mentioned, defendants "JOHN DOES" 1 through 5 (names being fictitious and presently unknown)(hereinafter, "DOES 1-5") were and are NYPD officers

2

employed by defendant CITY.

14. At all times herein mentioned, defendants DOES 1-5 were acting within the course and scope of their employment with defendant CITY.

15. At all times herein mentioned, defendants DOES 1-5 were acting under color of state law.

16. Defendants DOES 1-5 are sued in their official and individual capacities.

17. At all times herein mentioned, defendant CENTURY 21 DEPARTMENT STORES, LLC, defendant CENTURY 21, INC., and defendant CENTURY 21 STORES, LLC (hereinafter, collectively "CENTURY 21") were and are domestic corporations, organized and existing under the laws of the State of New York.

18. At all times herein mentioned, defendant CENTURY 21 owned, operated, managed, maintained, and controlled a department store located at 61-35 Junction Boulevard, Rego Park, NY (hereinafter "the premises," "the subject premises," "the store," or "the subject store"), in the County of Queens, City and State of New York.

19. At all times herein mentioned, defendant JULIA S. a/k/a CASHIER 076451 (hereinafter, "JULIA S.") was and is an employee of defendant CENTURY 21, and was acting within the course and scope of her employment with defendant CENTURY 21.

20. At all times herein mentioned, defendant JULIA S. was acting under color of state law.

21. At all times herein mentioned, defendant JULIA S. was and is a store cashier at the premises.

22. Defendant JULIA S. is sued in her official and

individual capacities.

23.   At all times herein mentioned, defendant SURY RIVERA (hereinafter, "RIVERA") was and is an employee of defendant CENTURY 21, and was acting within the course and scope of her employment with defendant CENTURY 21.

24.   At all times herein mentioned, defendant RIVERA was acting under color of state law.

25.   At all times herein mentioned, defendant RIVERA was and is a store fitting room attendant at the premises.

26.   Defendant RIVERA is sued in her official and individual capacities.

27.   At all times herein mentioned, defendant JANICE YING (hereinafter, "YING") was and is an employee of defendant CENTURY 21, and was acting within the course and scope of her employment with defendant CENTURY 21.

28.   At all times herein mentioned, defendant YING was acting under color of state law.

29.   At all times herein mentioned, defendant YING was and is a store fitting room attendant at the premises.

30.   Defendant YING is sued in her official and individual capacities.

31.   At all times herein mentioned, defendant LUZ CRUZ (hereinafter, "CRUZ") was and is an employee of defendant CENTURY 21, and was acting within the course and scope of her employment with defendant CENTURY 21.

32.   At all times herein mentioned, defendant CRUZ was acting under color of state law.

33.   At all times herein mentioned, defendant CRUZ was

and is the store manager at the premises.

34. Defendant CRUZ is sued in her official and individual capacities.

35. At all times herein mentioned, defendants "RICHARD ROES" 1 through 5 (hereinafter, "ROES 1-5") were and are employees of defendant CENTURY 21, and were acting within the course and scope of their employment with defendant CENTURY 21.

36. At all times herein mentioned, defendants ROES 1-5 were acting under color of state law.

37. At all times herein mentioned, defendants ROES 1-5 were store security guards / loss prevention officers at the subject premises.

38. Defendants ROES 1-5 are sued in their official and individual capacities

39. At all times herein mentioned, defendant CENTURY 21, its agents, servants and/or employees, including defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, were under an obligation to operate, manage, maintain, and control the premises and activities thereat in a careful, safe, and lawful manner, such that no persons lawfully within and upon the premises would be caused to sustain personal injuries.

40. At all times herein mentioned, defendant CENTURY 21 was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees.

41. At all times herein mentioned, defendant CITY was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees, including, without limitation, defendants KLEINMAN and DOES 1-5.

42. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

### JURY TRIAL DEMANDED

43. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

### VENUE

44. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

### STATEMENT OF FACTS

45. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

46. At approximately 7:30 p.m. on February 3, 2013, plaintiff, who at the time was 24 years old and pregnant with her first child, was lawfully within the aforesaid CENTURY 21 department store with her husband for the purpose of shopping for clothing.

47. Plaintiff selected certain items of clothing to purchase, brought those items to the checkout counter, and presented the clothing to the cashier, who, upon information and belief, was defendant JULIA S.

48. Thereafter, defendant JULIA S., together and acting in concert with co-defendants RIVERA, YING, CRUZ, and ROES 1-5, physically detained plaintiff despite knowing that plaintiff had done nothing wrong and that there was no basis to detain and/or

imprison her.

49. Upon confronting plaintiff, defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 all flipped their name tags over so that their names would not be visible to plaintiff.

50. Defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 separated plaintiff from her husband and brought her to a room within the subject premises where they threatened, demeaned, screamed at, and abused plaintiff for an extended period of time.

51. Defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 did not allow plaintiff's husband into the room where they were detaining plaintiff at any point.

52. Once inside the room, defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 illegally searched plaintiff's person and possessions, including plaintiff's purse.

53. Said defendants, including loss prevention officers for defendant CENTURY 21 who are included in defendants ROES 1-5, conducted the actual physical "search" of plaintiff's person while the other defendants watched, during which said defendants groped plaintiff's body, including plaintiff's breasts and buttocks, without any legal justification and without plaintiff's consent.

54. Said "search" was deeply humiliating and degrading to plaintiff. In addition, defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 mocked plaintiff, calling her a "stupid bitch" and other demeaning names.

55. Defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 then accused plaintiff of having switched the price tags on articles of clothing in order to purchase certain items for less money than they actually cost.

56.   Plaintiff insisted that she had done no such thing, and maintained her innocence.

57.   Nevertheless, defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 endeavored to pressure and coerce plaintiff into making a false confession and/or signing documents admitting guilt.   Defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 threatened plaintiff that if she did not make such admissions, they would make sure that she would go to jail.

58.   Defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 told plaintiff that she would not be arrested if plaintiff admitted to having done what defendants were accusing her of. Plaintiff, however, steadfastly maintained her innocence.   When plaintiff would not admit to any wrongdoing, defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 told plaintiff, in sum and substance, "Ok, we'll call the cops."

59.   Upon information and belief, one of the reasons that defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 engaged in the above described conduct was because defendant CENTURY 21 provided its employees with financial incentives such as "merit increases" and "bonuses" for every "shoplifter" they apprehended.

60.   Upon information and belief, another reason that defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 engaged in the above described conduct was because defendant CENTURY 21 set quotas for the number of shoplifter apprehensions its employees had to make within a given period of time, and any employee who did not meet the quota would be written up and/or fired.

61.   Upon information and belief, yet another reason that said defendants engaged in the conduct described herein was

in order to permit defendant CENTURY 21, and its agents, servants and/or employees, including defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, to fraudulently accuse innocent patrons of defendant CENTURY 21's department stores of larcenous acts in order to use and abuse the provisions of New York's General Obligations Law § 11-105 for their financial gain.

62.   Among other things, defendant CENTURY 21, by and through its agents, servants and/or employees, including defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, would and do routinely deliberately accuse customers of larcenous acts despite knowing that said customers had engaged in no such illegal or offensive conduct, and they would do so to extort those customers into paying defendant CENTURY 21, at a minimum, the retail value of the allegedly stolen merchandise plus a "penalty" of up to five times the retail price of the merchandise.

63.   Defendant CENTURY 21 thereby directly and/or indirectly, promulgated policies, practices and/or customs whereby it encouraged and directed its agents, servants and/or employees to detain and arrest customers who had nothing wrong, and to engage in a pattern of conduct of fraud and deceit so that, among other things, defendant CENTURY 21, and its agents, servants and/or employees could obtain a financial windfall.

64.   Therefore, defendant CENTURY 21, by and through its agents, servants and/or employees, including defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, acting both individually and in concert, deliberately and maliciously apprehended and detained plaintiff without legal justification for the purely venal and collateral purpose of making themselves more money.

65.   When plaintiff would not admit to having done the larcenous act that defendants were accusing her of, defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 then called for police officers to come to the store.

66.   Upon the arrival of defendants KLEINMAN and DOES 1-5 to the subject store, defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 directed defendants KLEINMAN and DOES 1-5 to arrest plaintiff.

67.   Thereupon, defendants KLEINMAN and DOES 1-5 arrested plaintiff without asking any questions, without making any inquiry or investigation whatsoever, and without even ascertaining from anyone what the factual allegations were against plaintiff.

68.   At all times leading up to and including the arrest of plaintiff by defendants KLEINMAN and DOES 1-5, neither defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, nor anyone acting on any of their behalves or on behalf of defendant CENTURY 21, told defendants KLEINMAN and DOES 1-5 any facts about why plaintiff was to be arrested.

69.   Defendants KLEINMAN and DOES 1-5 intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights forcibly seized, detained, arrested and imprisoned plaintiff without justification, privilege or probable cause.

70.   Later on, after plaintiff was in the custody of defendant CITY OF NEW YORK, defendants KLEINMAN and DOES 1-5 told plaintiff that the NYPD has an agreement with defendant CENTURY 21 whereby if the agents, servants and/or employees of defendant

CENTURY 21 summon NYPD officers to one of its stores and thereupon direct the NYPD officers to arrest a customer, that the NYPD officers will arrest that customer without asking any questions, and without even learning, ascertaining, or knowing any of the alleged factual bases for the arrest. That is precisely what occurred in this case.

71. Plaintiff was transported to a nearby police precinct by NYPD officers, including defendants KLEINMAN and DOES 1-5, where plaintiff was placed in a jail cell.

72. Defendant KLEINMAN was designated the "arresting officer" in the criminal prosecution of plaintiff.

73. After plaintiff had been arrested, defendants KLEINMAN and DOES 1-5 spoke with defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 for the first time in order to create the arrest paperwork for plaintiff.

74. At that time, defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 told defendants KLEINMAN and DOES 1-5 for the first time that plaintiff had switched the price tags on articles of clothing in order to purchase certain items for less money than they actually cost.

75. At the time that defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 told defendants KLEINMAN and DOES 1-5 this information, all of said defendants, including defendants KLEINMAN and DOES 1-5, knew that these allegations against plaintiff were false and completely fabricated and that there was never any legal basis to have detained or arrested plaintiff and that there was no legal basis to prosecute her.

76. Nevertheless all defendants conspired to lodge

these false allegations against plaintiff and initiate a prosecution against her for an offense they knew she did not commit.

77. Defendant CENTURY 21, by and through its agents, servants and/or employees, including defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, made these false allegations against plaintiff with actual malice, and out of spite and ill will, and with retributive purpose.

78. Defendants KLEINMAN and DOES 1-5 engaged in the above-described conduct intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights.

79. Following the incident at the CENTURY 21 store, plaintiff was wrongfully and falsely imprisoned for a period of approximately thirty-six hours.

80. During that time, defendant KLEINMAN knowingly relayed the false allegations against plaintiff that had been devised with defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 to the Queens County District Attorney's Office, which used that information to draft a criminal court complaint against plaintiff.

81. Thereafter, on February 4, 2013, defendant KLEINMAN signed said criminal court complaint, which, based on the fabricated information that defendant KLEINMAN had provided to the District Attorney's Office, charged plaintiff with petit larceny and criminal possession of stolen property.

82. Defendant KLEINMAN signed the criminal court complaint, thereby swearing to the veracity of its allegations, under penalty of perjury, despite his knowing that there was no truth to those allegations whatsoever.

83. On or about February 5, 2013, plaintiff was arraigned on that criminal court complaint, which charged her with one count each of Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree, under Queens County Docket Number 2013QN006451.

84. Plaintiff pleaded not guilty to both counts, and was released on her own recognizance.

85. Plaintiff thereafter was required on several occasions to appear in court to defend against the criminal charges that had been lodged against her.

86. During the course of plaintiff's prosecution, defendants RIVERA, YING, and CRUZ signed supporting depositions wherein they averred, under penalty of perjury, the veracity of the allegations contained in the criminal court complaint, despite knowing that those allegations were false, fabricated, and completely untrue.

87. The prosecution of plaintiff continued until July 5, 2013, at which time all charges against plaintiff were dismissed.

88. By virtue of the NYPD's de facto policy and/or practice as stated by members of the NYPD, including defendants KLEINMAN and DOES 1-5, if any agents, servants and/or employees of defendant CENTURY 21 summon NYPD officers to one of defendant CENTURY 21's stores and thereupon direct the NYPD officers to arrest a customer, that the NYPD officers will arrest that customer without asking any questions, and without even learning, ascertaining, or knowing any of the alleged factual bases for the arrest, defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5

13

acted under color of law in that they were granted by members of the NYPD, including defendants KLEINMAN and DOES 1-5, a status according to which defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 acted as deputies of the NYPD.

89.   Further, defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 acted under color of law in that they willfully participated jointly with members of the NYPD, including defendants KLEINMAN and DOES 1-5, and members of the NYPD arrested plaintiff based solely on the direction of defendant CENTURY 21's agents, servants and/or employees, including defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, without first learning any facts, without making any inquiry, and without conducting any investigation whatsoever.

90.   Defendant CENTURY 21, by and through its agents, servants and/or employees, including defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, willfully participated in joint activity with defendant CITY, its agents, servants and/or employees, including defendants KLEINMAN and DOES 1-5, in having plaintiff detained, arrested, imprisoned, and prosecuted without justification, privilege, or probable cause.

91.   Plaintiff at no times engaged in any prohibited or illegal conduct at the subject store.

92.   As a result of the collective acts of defendant CITY, its agents, servants and/or employees, including defendants KLEINMAN and DOES 1-5, and defendant CENTURY 21, its agents, servants and/or employees, including defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, plaintiff sustained severe personal injuries and emotional distress.

14

93. As a direct and proximate result of the aforementioned actions of all defendants, plaintiff sustained severe personal injuries, endured and continues to endure emotional pain and suffering and a loss of enjoyment of life, and has otherwise been damaged.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### CENTURY 21, JULIA S., RIVERA, YING, CRUZ, and ROES 1-5
### (False Arrest/Imprisonment)

94. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

95. By virtue of the aforementioned acts, defendants are liable to plaintiff for false arrest and false imprisonment.

96. As a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

97. Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her rights as guaranteed by the laws and Constitution of the State of New York.

98. Defendant CENTURY 21 is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

99. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS**
**CENTURY 21, JULIA S., RIVERA, YING, CRUZ, and ROES 1-5**
**(Assault)**

100. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

101. By virtue of the aforementioned acts, defendants are liable to plaintiff for assault.

102. As a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

103. Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her rights as guaranteed by the laws and Constitution of the State of New York.

104. Defendant CENTURY 21 is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

105. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS**
**CENTURY 21, JULIA S., RIVERA, YING, CRUZ, and ROES 1-5**
**(Battery)**

106. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

107. By virtue of the aforementioned acts, defendants

16

are liable to plaintiff for battery.

108. As a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

109. Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her rights as guaranteed by the laws and Constitution of the State of New York.

110. Defendant RITE AID is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

111. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### CENTURY 21, JULIA S., RIVERA, YING, CRUZ, and ROES 1-5
### (Malicious Prosecution)

112. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

113. By virtue of the aforementioned acts, defendants are liable to plaintiff for malicious prosecution.

114. As a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

115. Said acts and conduct of defendants were the direct

and proximate cause of injury and damage to plaintiff and violated her rights as guaranteed by the laws and Constitution of the State of New York.

116. Defendant CENTURY 21 is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

117. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS CENTURY 21, JULIA S., RIVERA, YING, CRUZ, and ROES 1-5
### (Intentional Infliction of Emotional Distress)

118. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

119. The acts by defendant CENTURY 21 and its agents, servants and/or employees, including defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, were extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

120. Said extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

121. As a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

122. Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her rights as guaranteed by the laws and Constitution of the State

18

of New York.

123. Defendant CENTURY 21 is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

124. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### CENTURY 21, JULIA S., RIVERA, YING, CRUZ, and ROES 1-5
### (Negligence/Gross Negligence)

125. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

126. By failing to exercise reasonable care in connection with the performance of their duties, in failing adequately to evaluate the situation confronting them, and by failing to take adequate steps to investigate whether plaintiff in fact had stolen store merchandise or whether plaintiff possessed store merchandise with knowledge that said merchandise was stolen, defendants JULIA S., RIVERA, YING, CRUZ, and ROES 1-5 failed to exercise reasonable care in connection with the performance of their duties, and therefore are liable to plaintiff in negligence.

127. Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her rights as guaranteed by the laws and Constitution of the State of New York.

128. Defendant CENTURY 21 is also liable for the damages suffered by plaintiff as a result of the conduct of its agents,

servants, and/or employees under the doctrine of <u>respondeat</u>
<u>superior</u>.

129. The aforementioned incident and injuries were
caused by reason of the recklessness, carelessness, and
negligence/gross negligence of the defendants herein and without
any negligence on the part of plaintiff contributing thereto.

130. As a result of the foregoing, plaintiff was
severely and seriously injured, both bodily and mentally, suffered
a loss of enjoyment of life, and suffered economic loss and other
damages.

131. The amount of damages sought in this action exceeds
the jurisdictional limits of all lower Courts that might otherwise
have jurisdiction.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANT CENTURY 21
#### (Negligent Training, Supervision, and Retention)

132. Plaintiff repeats and realleges each and every
allegation set forth above as though fully set forth at length
herein.

133. The aforesaid unlawful arrest, imprisonment,
prosecution and resulting injuries were due to the negligence
and/or gross negligence of defendant CENTURY 21 in failing to use
reasonable care in the hiring, training, supervision and retention
of defendant CENTURY 21's employees, including defendants JULIA
S., RIVERA, YING, CRUZ, and ROES 1-5.

134. Due to the negligent hiring, training,
supervision, and retention by defendant CENTURY 21 of defendants
JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, plaintiff was severely

and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

135. Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her rights as guaranteed by the laws and Constitution of the State of New York.

136. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

**EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS CENTURY 21,**
**JULIA S., RIVERA, YING, CRUZ, ROES 1-5 and KLEINMAN and DOES 1-5**
**(Conspiracy under 42 U.S.C. § 1983)**

137. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

138. Defendants KLEINMAN and DOES 1-5 agreed, cooperated, participated, and conspired with defendants RITE AID, its agents, servants and/or employees, including JULIA S., RIVERA, YING, CRUZ, and ROES 1-5, to assist in and effectuate plaintiff's unlawful detention, arrest, imprisonment, and malicious prosecution, and in so doing deprived plaintiff of her rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable searches and seizures and to due process of law.

139. Defendants CENTURY 21, JULIA S., RIVERA, YING,

CRUZ, ROES 1-5 and KLEINMAN and DOES 1-5 are sued in their individual and official capacities.

140. As a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

141. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

**NINTH CAUSE OF ACTION AGAINST DEFENDANTS CENTURY 21, JULIA S., RIVERA, YING, CRUZ, ROES 1-5 and KLEINMAN and DOES 1-5 (42 U.S.C. § 1983 based on False Arrest/Imprisonment)**

142. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

143. By virtue of the aforementioned unlawful arrest and imprisonment, plaintiff was deprived of her rights, privileges and immunities secured by the Constitution of the United States, including her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures and to due process of law.

144. Defendants are sued in their individual and official capacities.

145. As a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

146. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might

otherwise have jurisdiction.

### TENTH CAUSE OF ACTION AGAINST DEFENDANTS CENTURY 21, JULIA S., RIVERA, YING, CRUZ, ROES 1-5 and KLEINMAN and DOES 1-5
#### (42 U.S.C. § 1983 based on Malicious Prosecution)

147. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

148. By virtue of the aforementioned acts, plaintiff was deprived of her rights, privileges and immunities secured by the Constitution of the United States, including her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable searches and seizures and to due process of law.

149. Defendants are sued in their individual and official capacities.

150. As a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

151. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### ELEVENTH CAUSE OF ACTION AGAINST DEFENDANT CITY
#### (42 U.S.C. §1983 – "Monell" Claim)

152. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

153. The misconduct detailed above was the result of an institutional policy/custom created and/or ratified by defendant

CITY whereby NYPD officers responding to calls such as that described above are discouraged from making any investigation prior to arresting a subject who is being detained by agents, servants and/or employees of defendant CENTURY 21, despite the fact that information is available to said NYPD officers that would establish the arrestee's innocence.

154. Defendant CITY authorized, tolerated as institutionalized practices and ratified the misconduct detailed above by failing to take adequate precautions in the supervision and/or training of police personnel, including specifically defendant KLEINMAN and DOES 1-5.

155. Defendant CITY's policies, customs, and practices and defendant CITY's failure to supervise and/or train its officers, including defendants KLEINMAN and DOES 1-5, rose to the level of deliberate indifference to the consequences of its actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiff's Fourth and Fourteenth Amendment rights.

156. As a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

157. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

\*     \*     \*

**WHEREFORE,** plaintiff demands the following relief jointly and severally against each defendant:

a.  Compensatory damages in an amount against defendants herein which exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction herein;

b.  Punitive damages in an amount to be determined by a jury;

c.  A declaratory judgment that defendant CITY's policy/custom/practice of having its police officers arrest individuals solely at the direction/request of the agents, servants and/or employees of defendant CENTURY 21, without conducting any independent investigation, is unconstitutional;

d.  An order enjoining defendant CITY from further implementing its policy/practice/custom of arresting individuals solely at the direction/request of the agents, servants and/or employees of defendant CENTURY 21, without conducting any independent investigation;

e.  An order requiring defendant CITY to amend its policy manual concerning making arrests based on requests from defendant CENTURY 21 to comply with federal and state law;

f.  The convening of a jury to consider the merits of the claims herein;

g.   Attorney's fees pursuant to 42 U.S.C. § 1988;

h.   An award of plaintiff's costs of suit;

i.   Pre-judgment and post-judgment interest;

j.   Such other further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated:   New York, NY
         January 30, 2014

Yours, etc.,

SIVIN & MILLER, LLP

By: _____
Ameer Benno [AB-1130]
20 Vesey Street, Suite 1400
New York, NY 10007
Tel.: (212) 349-0300
abenno@sivinandmiller.com
Attorneys for Plaintiff